IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------- :
JIMMIE EUGENE WHITE,     :    CASE NO. 3:10 CV 1933
                Petitioner    :    MEMORANDUM OF OPINION
                :    AND ORDER DENYING PETITION
   v.    :    FOR WRIT OF HABEAS CORPUS
                :
SHERIFF TERRY LYONS, et al.,    :
                :
                Respondents.    :
----------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 29 September 2010, petitioner pro se Jimmie Eugene White filed the above-captioned amended petition ("the petition") for writ of habeas corpus under 28 U.S.C. § 2254. The petition states that Mr. White is incarcerated at the Erie County, Ohio Jail, having been extradited there from the Wayne County, Michigan Jail on 27 May 2010.

While he is not clear on the point, Mr. White appears to be awaiting trial in the Erie County Court of Common Pleas on charges not specified in the petition. Those charges are, according to the petition, pursuant to a June 2008 grand jury indictment. The grounds for the petition, which are also unclear, appear to be that Mr. White's extradition was unlawful and the result of fraud.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of

the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

Alleged violations by a sending state of extradition requirements do not generally form a basis for habeas relief. Edkert v. Tansy, 936 F.2d 444, 450 (9th Cir 1991); see also, Young v. St. Joseph County Sheriff Department, No. 4:06 CV 124, 2007 WL 760525 (W.D. Mich. Mar. 7, 2007). Further, there is no suggestion that Mr. White has exhausted his state court remedies. Thus, without regard to the potential merits of the grounds sought to be raised, the petition is premature in any event.

Based on the foregoing, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

        IT IS SO ORDERED.

        /s/Lesley Wells
        UNITED STATES DISTRICT JUDGE